UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. L. HOWZE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　　Defendants. | No. 2:18-cv-3075 JAM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff, a California state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis and a request for appointment of counsel. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the court grants plaintiff's request to proceed in forma pauperis, denies plaintiff's request for appointment of counsel, and recommends the dismissal of this case without prejudice because it is duplicative of another case currently pending in this court.

II.     In Forma Pauperis Application

Plaintiff has, in response to the court's repeated orders, submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 7,

////

1

9. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.[1]

Plaintiff must still pay the statutory filing fee of $350.00 for this action over time. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Screening of Plaintiff's Civil Rights Complaint

#### A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[1] Both in his complaint and declaration filed in support of his in forma pauperis application, plaintiff argues that he is in imminent danger of serious physical injury, an apparent reference to the exception for applying the "three-strikes" rule set forth in 28 U.S.C. § 1915(g). ECF Nos. 1, 6. Plaintiff's nearly identical allegations in his other pending case were previously found by the undersigned sufficient to meet the exception, assuming without deciding that plaintiff may be subject to the rule. See Howze v. Orozco, Case No. 2:16-cv-1738 JAM AC P (E.D. Cal.) ("Howze II") (ECF No. 14 at 1-2). There is no need to address that question here.

suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); see also Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### B. Plaintiff's Allegations

The instant complaint names three Folsom State Prison (FSP) defendants: Associate Warden Fry; Dr. Sahota, the prison's Chief Physician & Surgeon; and Dr. Lee, a physician. ECF No. 1 at 7.[2] Plaintiff alleges that these defendants "perpetuated" the violation of his civil rights that began when the FSP Institutional Classification Committee (ICC) denied his accommodation request for single cell status on October 30, 2014. See ECF No. 1 at 125-29. Plaintiff sought the accommodation based on his benign prostatic hyperplasia (BPH), a chronic medical condition characterized by a frequent urgent need to urinate, bladder distention, blood vessel ruptures and a hernia. Plaintiff alleges that defendants "perpetuated" the 2014 ICC decision by denying his subsequent accommodation requests in two Reasonable Accommodation Panel (RAP) decisions issued September 7, 2016 and September 21, 2016. ECF No. 1 at 13, 16-7.

Associate Warden Fry presided at both RAP meetings. ECF No. 1 at 44, 46. Dr. Sahota and other staff members participated in the September 7, 2016 RAP meeting. Id. at 46. That meeting addressed plaintiff's request for single cell status. The requested accommodation was denied on the ground that "CCHCS policy does not list this condition [BPH] as a clinical medical indication to be recommended for single cell status ('S' suffix)." Id.

Dr. Lee participated in the September 21, 2016 RAP meeting "on behalf of Chief Physician Surgeon P. Sahota." Id. at 44. That meeting addressed plaintiff's accommodation

---

[2] Although the first page of the complaint names as defendants "CDCR, et al.," the complaint itself does not identify CDCR as a defendant. See ECF No. 1 at 7.

requests asserting his inability "to await restroom access, predominately during the hours between breakfast and lunch," and seeking "PAD [staff Personal Alarm Device] alarms, and vehicle transports." Id. Plaintiff's specific requests were to obtain: (1) a notice card authorizing him restroom access on an as-needed basis; (2) a standing order authorizing him to use a Foley catheter while wearing handcuffs; and (3) the scheduling of future dental appointments in the afternoon hours, when his symptoms are reduced. Id. Plaintiff's accommodation requests were denied on the grounds that his "medical condition does not necessitate a Foley catheter fitting; in addition, restroom access is provided as needed during medical transports. The issuance of Notice Cards is not a provided service." Id.

Based on these factual allegations, plaintiff asserts the following legal claims: (1) violation of plaintiff's equal protection rights under a "class of one" theory, based on the refusal to recognize BPH as a qualifying disability for ADA purposes; (2) retaliation against plaintiff for obtaining a favorable Second Level Review (SLR) decision on his relevant inmate appeal, which referred the matter to the ICC for decision;[3] (3) conspiracy and/or fraud based on defendants' alleged "preexisting agenda" to perpetuate the alleged fraud effected by the October 30, 2014 ICC decision; (4) intentional discrimination under the ADA and 14th Amendment; and (5) cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks compensatory, punitive and special damages; declaratory relief (declaring BPH a qualifying disability under the ADA); and injunctive relief (directing CDCR to affix an "S" to his custody status, provide him with a disability vest and related accommodations during PAD alarms, transport, and when

////

---

[3] The subject SLR decision, issued October 10, 2014, was partially granted, directing the ICC to review plaintiff's request for single-cell status. The ICC decision issued October 30, 2014, denying the request. Plaintiff sought Third Level Review, which denied his appeal on March 11, 2015. ECF No. 1 at 12. Thereafter, plaintiff filed CDCR Form 1824 accommodation requests on August 30, 2016 and September 22, 2016, which were denied respectively on September 7, 2016 and September 21, 2016. Id. at 12-3.
Plaintiff alleges "that the partial grant had by Howze at the [SLR] (Exhibit J) created the ill will which 'motivated' the discriminatory/serial denials of the defendants – Fry, Lee, Sahota (the last who [initially] (sic) 'endorsed' Howze's chrono (Exhibit I)." ECF No. 1 at 9; see also id. at 13 ("Sahota was pressured by co-committee members to retract his initial recommendation, and Howze, for reasons given, was being retaliated against"); id. at 10-1 (defendants acted "spitefully," "motivated to 'get' [plaintiff] for the success which he enjoyed at the SLR").

cuffed; and issuance of an order directing CDCR to refrain from placing plaintiff in situations obstructing his restroom access).

### C. Plaintiff's Similar Cases

Plaintiff has previously filed two lawsuits regarding accommodations for his BPH.[4] In Howze v. CDCR, Case No. 2:14-cv-04067 SVW RAO P (C.D. Cal.) ("Howze I"), plaintiff asserted Eighth Amendment and ADA claims arising from CDCR's denial of single-cell housing, use of a Foley catheter during transports, and priority restroom access. The magistrate judge recommended dismissal of the third amended complaint on the ground it failed to sufficiently allege intentional discrimination under the ADA. The court found that plaintiff's claims were contradicted by the record, including the RAP's September 7, 2016 and September 21, 2016 decisions, as well as the final inmate appeal decisions challenging the RAP determinations. Howze I, ECF No. 122 at 7-8 (citing, inter alia, ECF No. 83-1 at 25, 83-3 at 1-2; ECF No. 99 at 9; see also ECF No. 99 at 17). The court noted that plaintiff's Eighth Amendment claims based on events at California Men's Colony had been dismissed as frivolous, and plaintiff had been advised that claims arising from his incarceration at FSP had to be raised in the Eastern District of California. Id., ECF No. 122 at 9. These findings and recommendations were adopted by the district judge on August 1, 2018. Id., ECF No. 127. The Ninth Circuit affirmed the dismissal of plaintiff's ADA claim. Id., ECF No. 136-37 (Ninth Circuit Court of Appeals Case No. 18-56154 (Apr. 23, 2019)).

Howze v. Orozco et al., Case No. 2:16-cv-1738 JAM AC P (E.D. Cal.) ("Howze II") is currently pending before the undersigned. In that case plaintiff pursues claims against defendants Grout, Neuschmid, Orozco, and Sahota for deliberate indifference to his serious medical needs, conspiracy, and violation of his rights under Title II of the ADA. Plaintiff's claims for fraud and violation of due process were dismissed, as was his claim for injunctive relief based on his

---

[4] The court takes judicial notice of plaintiff's related cases. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records and the records of other courts); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

5

transfer from FSP to Pelican Bay State Prison. Howze II is premised on the October 30, 2014 ICC decision, which was rendered by defendant Committee members Orozco, Grout, and Neuschmid and based on defendant Dr. Sahota's clinical assessment that single cell status was not medically necessary or recommended for plaintiff. See ECF No. 1 at 125-29 (exhibit in the instant case). Plaintiff contends in Howze II that Dr. Sahota (who had endorsed the requested accommodation in June 2014) lied at the ICC hearing due to the pressure of defendants Orozco, Grout, and Neuschmid.

The relationship between Howze I and Howze II was addressed by the undersigned in Howze II. By findings and recommendations filed September 26, 2019 (ECF No. 36) and adopted January 23, 2020 (ECF No. 45), the court denied defendants' motion to dismiss on res judicata grounds. The undersigned found that the issues presented in the two cases were not identical, in that Howze I challenged the 2016 RAP denials while Howze II challenges the 2014 ICC decision, and that plaintiff's Eighth Amendment claim in Howze II had not been litigated or decided on the merits in Howze I. ECF No. 36 at 4-7.

In the instant case ("Howze III"), plaintiff states that he seeks to challenge both "the ICC hearing in dispute," ECF No. 1 at 13, and "the [RAP] hearings now in dispute," id. at 20. The complaint alleges in pertinent part:

> [T]he 9.7.16 and 9.21.16 denials conducted by the RAP . . . were in furtherance of the fraud perpetrated on Howze on 10.30.2014 (see [Case No.] 2:16-cv-1738) . . . As was the case with the former hearing (conducted 10.30.2014) those conducted by the RAP (9.7.16 and 9.21.16) were tainted and/or corrupted by positive fraud – insofar . . . that Sahota, vis-à-vis co-defendants Fry & Lee, conducted said hearing with a pre-existing agenda in mind: perpetuity of the fraud perpetrated on Howze on 10.30.2014.

ECF No. 1 at 16-7.

D. Discussion

"As a general rule, a federal suit may be dismissed for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court. District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and

6

available relief do not significantly differ between the two actions." Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citations and internal quotation marks omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

The complaint now before the court alleges that the named defendants violated plaintiff's rights as part of a continuing "fraud" that began with and includes the ICC decision at issue in Howze II. Dr. Sahota, whose clinical judgment was central to both the ICC and RAP decisions, is a defendant in both cases. Although other individual defendants differ, both cases challenge the failure of officials at Folsom State Prison to provide a specific set of accommodations for plaintiff's BPH. Both cases seek damages for the denial of those accommodations at Folsom, and in each case plaintiff has sought to obtain the desired accommodations by way of declaratory and/or injunctive relief.[5] In essence, both actions involve the same dispute.

The instant complaint repeatedly acknowledges the inextricable relationship between the issues presented in Howze II and Howze III. See, e.g., ECF No. 1 at 13 ("[f]or insight, see Complaint 2:16-cv-1738 AC at paragraphs 1, 2 and 5"); id. at 14 ("Sahota [was] 'pressured' by co-defendants Fry & Lee (see, too, defendants named in 2:16-cv-1738 AC)"). Indeed, plaintiff states that Howze II "is so closely related to the instant case that Howze thus may move for consolidation." Id. (fn.).

Because the claims and parties in this case substantially overlap with those in Howze I and Howze II, the undersigned will recommend in the interests of judicial economy and wise judicial administration that this action be dismissed as duplicative. The equities lie in favor of such dismissal, as the substance of plaintiff's dispute with the prison—accommodation of his BPH—is

---

[5] Although plaintiff's claim for injunctive relief in Howze II has been dismissed (Howze II, ECF No. 45), the similarity of relief sought nonetheless demonstrates the duplicative nature or the instant action.

7

before the court in Howze II.  Moreover, the recommended dismissal is without prejudice to a motion for leave to amend the operative complaint in Howze II.  Plaintiff is informed that any such motion should succinctly demonstrate that proposed additional defendants and/or claims meet applicable exhaustion requirements[6] and are not barred by principles of res judicata in light of Howze I.  A newly filed action, with a complaint that is 161 pages including exhibits, is not the appropriate vehicle for adding new claims and does not provide a manageable basis for the court's consideration of exhaustion, res judicata, and other threshold issues.

The undersigned has considered and rejected the alternative of dismissing this case as frivolous under 28 U.S.C. § 1915A(b)(1), which may count as a strike under 28 U.S.C. § 1915(g). See e.g. Furnace v. Giurbino, 838 F.3d 1019, 1029 (9th Cir. 2016) (declining to designate as a strike the dismissal of a duplicative action based on claim preclusion); Gumban v. E.E.O.C., 107 F.3d 16 (9th Cir. 1997) (Table) (unpublished) (reversing dismissal of duplicative EEOC action as frivolous because "it can have a res judicata effect on frivolousness determinations for future in forma pauperis actions"); cf., Loeh v. Weston, 78 Fed. Appx. 569, 569-70 (9th Cir. 2003) (affirming district court's sua sponte dismissal of prisoner's duplicative civil rights case under 28 U.S.C. § 1915A(b)(1) on the ground it was frivolous); Bryan v. Campbell, 2010 WL 4641683, at *1, 2010 WL 4641683 (D. Or. Nov. 4, 2010) ("Because this case is duplicative of those other actions, it is dismissed for frivolity." (citing 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b))).

V.     Request for Appointment of Counsel

Plaintiff requests appointment of counsel in the instant case, based on his in forma pauperis status and the alleged likelihood of success on the merits of his claims.  ECF No. 10.[7]

---

[6] In general, new relevant claims, based on actions that took place after the original complaint was filed, are not barred provided they were administratively exhausted prior to the filing of the operative amended complaint.  See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012).  Additionally, "claims that arose as a cause of action prior to the filing of the initial complaint may be added to a complaint via an amendment, as long as they are administratively exhausted prior to the amendment."  Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014).

[7] Plaintiff subsequently filed a declaration, identified by the Clerk as a "motion for stay and for appointment of counsel," in which plaintiff requested assistance due to his temporary out-to-court status.  ECF No. 12.  The declaration was also filed in Howze II (ECF No. 39), where it was denied (ECF No. 40).  The matter is moot.

District courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), but may request that an attorney voluntary represent such a plaintiff in certain "exceptional circumstances," see 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). In light of the undersigned's recommendation that this action be dismissed, plaintiff's request for appointment of counsel will be summarily denied.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 9, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's requests for appointment of counsel, ECF Nos. 10 & 12, are denied.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice as duplicative of plaintiff's claims pending in Howze v. Orozco et al., Case No. 2:16-cv-1738 JAM AC P (E.D. Cal.).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9